FILED'09 JAN 09 11:35USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASSOCIATION,
CENTER FOR BIOLOGICAL DIVERSITY, and
WESTERN WATERSHEDS PROJECT,
                              Plaintiffs,

v.                                          ORDER
                                            Civil No. 07-1871-SU

ABIGAIL KIMBELL, Chief, U.S. Forest Service,
GARY L. BENES, Supervisor, Malheur National
Forest, UNITED STATES FOREST SERVICE,
D. ROBERT LOHN, Regional Administrator,
National Marine Fisheries Service, and
NATIONAL MARINE FISHERIES SERVICE,
                              Defendants,

        v.

HARLEY ALLEN, SHERRIE ALLEN,
KENNETH R. BROOKS, ROBERT L. BROOKS,
MARY ELLEN BROOKS, RON BURNETTE,
J&M COOMBS RANCH, LLC, MONTY CRUM,
DAYVILLE GRAZING ASSOCIATION,
ELLIOTT LIVESTOCK COMPANY, INC.,
HOLLIDAY LAND & LIVESTOCK, INC.,
DARREL HOLLIDAY RANCH, INC., PETER G.
McELLIGOTT, NANCY J. McELLIGOTT,
LELAND F. McGIRR, JR., MORGRASS GRAZING
ASSOCIATION, ROCKY BLUFF RANCH,
LOREN STOUT, PIPER STOUT, TRINI-D, LLC,
VAUGHAN RANCH, INC., WINDY POINT
CATTLE CO. INC., 4J RANCHES, LLC, dba
4J RANCHES, and CHET HETTINGA,
                              Intervenors.

1 -- ORDER

HAGGERTY, Chief Judge:

After this court granted plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction, the Magistrate Judge in this action granted plaintiffs' Motion Regarding Scope of Review [115]. Defendants filed amended objections to this ruling [132], which were taken under advisement after being fully briefed. Defendants' amended objections are overruled.

**STANDARDS**

Non-dispositive orders of a Magistrate Judge are reviewed by this court under the "clearly erroneous [or] contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). Such rulings are not subject to *de novo* review as are Findings and Recommendations under §636(b)(1)(B). *Merritt v. Int'l Bro. of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. 1981) (*per curiam*).

**BACKGROUND AND ANALYSIS**

Plaintiffs Oregon Natural Desert Association, Center for Biological Diversity, and Western Watersheds Project (collectively referred to as ONDA) filed a Complaint challenging certain decisions by the United States Forest Service (Forest Service) and the National Marine Fisheries Service (NMFS) that authorized livestock grazing on the Malheur National Forest (MNF) within the John Day River basin. Plaintiffs allege violations of the Endangered Species Act (ESA), National Forest Management Act (NFMA) and Administrative Procedure Act (APA). This case was consolidated with *Allen v. National Marine Fisheries Service,* No. 08-151-SU (D. Or. filed Feb. 5, 2008), a case brought by ranchers who hold grazing livestock permits on the MNF. The factual background, applicable statutory and regulatory provisions, claims asserted and relief and standards for judicial review have been provided in detail previously and, for

2 -- ORDER

purposes of determining whether the Magistrate Judge's ruling was clearly erroneous, need not be reviewed again herein.

The Magistrate Judge's challenged Order allows ONDA to introduce evidence, including expert reports and evidence obtained through discovery, to prove its claims of violations of ESA §§ 7 and 9. The Magistrate Judge agreed with ONDA that extra-record evidence is necessary for plaintiffs to meet the burden of proof required for obtaining injunctive relief pursuant to the ESA citizen suit provision. *See* 16 U.S.C. § 1540(g)(1)(A).

To establish their ESA §7 claim, ONDA seeks to introduce evidence obtained after administrative decisions were issued, including documentation and expert evidence. To establish their ESA §9 claim, ONDA will present evidence similar in nature to that which was submitted in support of the motion for preliminary injunction.

ONDA advances claims that go beyond calling for the review of administrative agency decisions under the APA. Accordingly, the Magistrate Judge's ruling that allows ONDA to gather and present evidence outside of the administrative record was not clearly erroneous. Specifically, plaintiffs' claims that arise under the ESA Citizen Suit Provision (eighth claim, fourth claim, ninth claim) may be supported by the production of evidence that is not restricted or limited to the administrative record. Claims arising under the APA (first claim, second claim, third claim, fourth claim, fifth claim, sixth claim, seventh claim) may be supported by evidence and references to the administrative record, plus evidence outside the administrative record that falls into four categories: (1) if its admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) if the agency has relied on documents not in the record; (3) when supplementing the record is necessary to explain technical

3 -- ORDER

terms or complex subject matter; (4) when plaintiffs make a showing of agency bad faith. *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dept of Agriculture*, 499 F.3d 1108, 1117 (9th Cir. 2007). The Magistrate Judge acknowledged this and assured the parties that the court will comply with appropriate procedures for determining allowable extra-record evidence. *See* Order of September 12, 2008 at 4-5.

Defendants object to the Magistrate Judge' s Order, asserting two arguments: that the Magistrate Judge clearly erred by concluding that (1) ESA Citizen Suits are not confined to review on the administrative record, and (2) the inclusion of extra-record material during the evaluation of plaintiffs' preliminary injunction motion compels similar inclusion of the materials when the case is adjudicated on the merits.

### 1.    ESA Citizen Suits

First, defendants contend that recent Ninth Circuit case law instructs a reviewing court in these situations to look to the evidence an agency has provided, "along with other materials in the record," to determine whether the agency has adequately explained its reasoning and conclusions. *Lands Council v. McNair*, 537 F.3d 981, 993-94 (9th Cir. 2008). The decision in *McNair* addresses the applicability of the APA's "arbitrary and capricious" standard of review, but is not dispositive as to determining the scope of allowable evidence in ESA claim cases.

Similarly, as to plaintiffs' ESA §7 claims, defendants argue that it is error to allow expert testimony when reviewing of ESA §7(a)(2) claims because such claims are subject to review under the "arbitrary and capricious" standard of the APA. *See Stop H-3 Ass'n v. Dole*, 740 F.2d 1442, 1459 (9th Cir. 1984); *see also SW Ctr. for Biological Diversity v. U.S. Bureau of*

4 -- ORDER

*Reclamation*, 143 F.3d 515, 522 (9th Cir. 1998) (reviewing claims are brought under ESA §7(a)(2) under the APA's judicial review provisions).

As to plaintiffs' ESA §9 claims, defendants argue that although plaintiffs present their ESA §9 claims as being independent from their ESA §7 claims, "the two claims are necessarily intertwined, and both go to the issue of whether an agency's administration of its Congressionally delegated area of responsibility is meeting the §7 duty to avoid jeopardy to a listed species." Objections at 11-12. Defendants cite a Fifth Circuit decision for the proposition that while the ESA Citizen Suit Provision permits review for ESA §7 and ESA §9, it does not establish a standard for that review, and the APA should provide the standard of review for ESA §9 claims against federal agencies. Objections at 12 (citing *Sierra Club v. Glickman*, 67 F.3d 90, 95-96 (5th Cir. 1995). The Fifth Circuit's decision in *Glickman* is unhelpful. That decision is as silent as *McNair* is on the issue of determining the scope of allowable evidence for evaluating plaintiffs' claims.

This court concludes that the Magistrate Judge did not clearly err in concluding that "claims arising under the ESA are not limited to the administrative record review restrictions of the APA." Order of September 12, 2008 at 4. The Magistrate Judge relied upon Ninth Circuit authority that approved of judicial review of a suit brought under the ESA Citizen Suit Provision that was undertaken outside an administrative record, "because the ESA independently authorized a right of action" and renders the APA limitations inapplicable. *Wash. Toxics Coalition v. E.P.A.*, 413 F.3d 1024, 1029-30 (9th Cir. 2005) (citing 16 U.S.C. § 1540(g)(1)). Accordingly, the scope of judicial review in a claim brought under the ESA Citizen Suit Provision may not be subject to APA limitations. *Wash. Toxics*, 413 F.3d at 1034.

5 -- ORDER

Defendants' specific objections to plaintiffs' ESA §9 claims are also rejected. In short, this court agrees with plaintiffs' assertion that "[w]hatever evidence ONDA can develop to prove that unlawful take has occurred is appropriate," which will enable the court to fully determine whether the Forest Service violated ESA §9 "by allowing the excessive take of steelhead spawning and rearing habitat through its grazing management." Pls. Response at 18. Section 9 of the ESA prohibits the "take of endangered species of fish or wildlife." To prevail on these claims, plaintiffs must prove by a preponderance of evidence that the Forest Service's actions resulted in an unlawful take of steelhead and that take is reasonably certain to occur under the Malheur National Forest's 2007–2011 grazing management program. Plaintiffs acknowledge that they must prove that the Forest Service's actions or omissions in its grazing management harmed protected species by killing or injuring its members, or resulted in significant habitat modification or degradation which injured steelhead by significantly impairing essential behavioral patterns, and that these effects are reasonably certain to continue in the future. Pls. Response at 13-14 (citations omitted).

These claims do not challenge specific administrative decisions. Instead they advance an enforcement action and require proof of harm and causation. Defendants may be subject to such claims. The United States Supreme Court has recognized that the ESA Citizen Suit Provision at § 1540(g)(1)(A) "is a means by which private parties may enforce the substantive provisions of the ESA against regulated parties – both private entities and Government agencies." *Bennett v. Spear*, 520 U.S. 154, 173 (1997). Claims challenging the propriety of a consulting agency issuing a biological opinion is governed by the APA. *Id*. at 174. Claims arising directly under the ESA Citizen Suit Provision at § 1540(g)(1)(A), on the other hand, based upon events

6 -- ORDER

occurring in the aftermath of agency decisions, are not limited by the APA scope of review. *Wash. Toxics*, 413 F.3d at 1034.

### 2.    Extra-record material during the preliminary injunction motion

Defendants also contend that the Magistrate Judge clearly erred in concluding that extra-record material must be allowed because it was included in the evaluation of plaintiffs' preliminary injunction motion. Objections at 15-17.

The target of this objection is this passage: "Moreover, the court considered this same evidence in making the determination to issue a preliminary injunction in this matter. For the court now to reverse direction and prohibit the evidence would be inconsistent with [the prior preliminary injunction] ruling and contrary to the ESA." Order of September 12, 2008 at 4.

At the very least, as addressed above, this statement is not clearly erroneous because prohibiting extra-record evidence in the adjudication of the ESA claims presented by plaintiffs would, be, in fact, contrary to the ESA. This aspect of defendants' objections is also overruled.

### CONCLUSION

As no clear error appears on the face of the record, the court declines to modify or set aside the Order issued on September 12, 2008, pertaining to plaintiffs' Motion Regarding Scope of Review [115]. Defendants' amended objections [132] are overruled.

IT IS SO ORDERED.

DATED this  9  day of January, 2009.

ANCER L. HAGGERTY
United States District Judge

7 -- ORDER