FILED'09 JUN 15 16:27USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASS'N,
WESTERN WATERSHEDS PROJECT, and
CENTER FOR BIOLOGICAL DIVERSITY,

Plaintiffs,

v.

ABIGAIL KIMBELL, *et al.*,                        ORDER
                                                  Civil No. 07-1871-HA

Defendants,

v.

OREGON CATTLEMEN'S ASSOCIATION,
*et al.*,

Intervenors.

HAGGERTY, District Judge:

Before the court are intervenors' Motion to Vacate Preliminary Injunction [162] and

plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [191]. A

hearing was held on June 12, 2009, at which the court heard oral argument by counsel and

testimony from expert witnesses for federal defendants. For the following reasons, intervenors'

Motion to Vacate Preliminary Injunction is granted in part, and plaintiffs' Motion for Temporary

Restraining Order and/or Preliminary Injunction is granted in part.

1 - ORDER

Because the United States Forest Service (Forest Service) has reinitiated formal consultation pursuant to § 7 of the Endangered Species Act, they are required to prove that the grazing proposed for the Malheur National Forest (MNF) for 2009 will not jeopardize listed species. *Washington Toxics Coalition v. Environmental Protection Agency*, 413 F.3d 1024, 1035 (9th Cir. 2005). Federal defendants have shown that their grazing proposals for 2009 will not jeopardize listed species, however, the court is unable to rely on their assertions that their proposals will be properly executed. Due to the Forest Service's repeated failures to carry out planned mitigation and monitoring measures on the MNF, this court finds it prudent to enter an order ensuring the implementation of the Forest Service's proposals. Accordingly, a limited preliminary injunction is appropriate.

The Supreme Court's recent decision in *Winter v. Natural Res. Def. Council*, 129 S.Ct. 365, 374 (2008), raises questions about the appropriate standards to be employed in evaluating the parties' motions. This court believes that – in accordance with the purposes of the Endangered Species Act – the burden of proof rests on federal defendants as discussed in *Washington Toxics Coalition*. 413 F.3d at 1035. To the extent that the decision in *Winter* might have altered this balance, the court also finds that plaintiffs have made the requisite showings for limited injunctive relief in conformity with standards set forth in *Winter*.

Plaintiffs have shown that they are likely to succeed on the merits of multiple claims against the Forest Service and National Marine Fisheries Service and that irreparable harm to Middle Columbia River (MCR) steelhead is likely to occur if this court does not partially enjoin grazing on the allotments at issue. Because Congress has determined that listed species are to be afforded the highest of priorities, this court finds that plaintiffs have also shown that the balance

2 - ORDER

of equities tips in their favor, and that an injunction is in the public interest. *TVA v. Hill*, 437

U.S. 153, 194 (1978). Accordingly, plaintiffs have made the necessary showings to demonstrate

that declaratory relief is appropriate. *See Winter*, 129 S.Ct. at 374.

While the written testimony submitted by plaintiffs provides some evidence that

irreparable harm is likely to occur absent an injunction, the declarations of Christopher Christie

have been shown to be less than fully trustworthy. Additionally, the testimony of federal

defendants' expert witnesses has established that the grazing proposals for 2009, if properly

executed, will adequately protect riparian habitat. Accordingly, plaintiffs have failed to show

that all grazing must cease to avoid irreparable harm, and only limited injunctive relief is

appropriate.

The Forest Service has proposed limited grazing be resumed on the Murderers Creek and

Lower Middle Fork Allotments for the 2009 season. Additionally, the Forest Service has

proposed reduced grazing on some of the other litigated allotments and the total resting of the

Long Creek Allotment. For all allotments to be grazed in 2009, the forest service has increased

monitoring, fencing, and active herd management. The evidence submitted indicates that the

grazing proposals are likely to adequately protect riparian health if fully implemented. While the

court does not doubt the Forest Service's intent to carry out adequate mitigation and monitoring

measures, the court issues this Order to insure the full implementation of the Forest Service's

proposals for 2009.

The Forest Service and permittees are required to utilize all mitigation measures

contemplated by the 2007-2011 Biological Opinion and all those proposed for the 2009 season in

representations to this court. Where the Forest Service has indicated that fencing will be built,

3 - ORDER

and that cattle will not be turned out until it is built, such fencing is required.   This Order does not absolve the Forest Service of its duties to comply with the National Environmental Policy Act, and all other applicable environmental law.  If the Forest Service determines that it cannot comply with applicable environmental laws and construct the proposed fencing for a particular pasture, then no cattle shall be grazed on that pasture absent the express permission of this court.

The Forest Service must conduct the full suite of monitoring discussed in the Biological Opinion, the Incidental Take Statements, and acknowledged in their representations to this court. If the monitoring reveals that a particular pasture or unit is out of compliance with the terms of the relevant Incidental Take Statement, including an exceedance of the twenty-percent bank alteration standard, all grazing on that pasture must cease for the remainder of the season.  The Forest Service must provide this court with a report demonstrating its compliance with this Order by July 20, 2009.  The Forest Service must also present this court with an end of season report. Upon request, the Forest Service shall provide plaintiffs with copies of any monitoring data collected.

If adequate mitigation and monitoring do not occur, the court may end the grazing season early with a full injunction.  The time has come for the Forest Service to adaptively manage these allotments in response to conditions on the ground rather than in reaction to this court's rulings. The court expects the Forest Service to utilize the monitoring data gathered to implement such management. The bond requirement contained in Federal Rule of Civil Procedure 65(c) is waived.

/ / / /

/ / / /

4 - ORDER

**CONCLUSION**

For the foregoing reasons, intervenors' Motion to Vacate Preliminary Injunction [162] is granted in part, and plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction is granted [191] in part.

IT IS SO ORDERED.

DATED this ___16___ day of June 2009.

ANCER L. HAGGERTY
United States District Judge

5 - ORDER